IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY DEMON BROWNING,         ) | |
|     ID # 588224-509,         ) | |
|         Petitioner,         ) | |
| vs.         ) | No. 3:23-CV-1882-L (BH) |
|         )  | |
| UNITED STATES,         ) | |
|         Respondents.         ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

On August 14, 2023, Tony Demon Browning (Petitioner), a federal inmate, filed a *Motion for Concurrent Sentencing* in criminal case No. 3:21-CR-192-L. (*See* doc. 3.) Because he sought to have a state case be ordered to run concurrently with his federal sentence, and he alleged he was in "programming" to reduce his "recidivism ratings", his filing was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 by order dated August 22, 2023. (*See* doc. 2). By *Notice of Deficiency and Order* dated August 24, 2023, Petitioner was notified that his motion had been construed as a § 2241 habeas petition, and that he had not filed his § 2241 habeas petition on the appropriate form. (*See* doc. 5.) He was ordered to complete and return the enclosed § 2241 form within 30 days. (*See id*.) He was also notified that he had not either paid the $5 filing fee for a § 2241 habeas case or submitted a request to proceed *in forma pauperis* (IFP), and he was ordered to either pay the fee or submit an IFP application within 30 days. (*See id*.) The notice and order specifically warned that failure to comply with it could result in dismissal of this action. (*See id.*)

---

[1]  By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

After no response was timely received, by *Second Notice of Deficiency and Order* dated October 2, 2023, Petitioner was again that he had not filed his § 2241 habeas petition on the appropriate form and that he had not either paid the $5 filing fee or submitted an IFP application. (*See* doc. 6.) He was again ordered to complete and return the enclosed § 2241 form and to pay the fee or submit an IFP application within 30 days. (*See id*.) The second notice and order again specifically warned that failure to comply with it could result in dismissal of this action. (*See id.*)

On October 20, 2023, Petitioner's filing fee was received. More than 30 days from the date of the second notice and order have passed, however, but he has still not submitted a properly completed § 2241 habeas petition on the correct form.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has twice been ordered to submit a properly completed § 2241 habeas petition on the correct form within 30 days, and he was specifically warned that failure to do so could result in dismissal of this action. More than 30 days from the date of the second notice of deficiency and order have passed, but he still has not submitted a properly completed § 2241 habeas petition on the correct form.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless the petitioner submits a properly completed § 2241

2

habeas petition within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 13th day of November, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE